REDMANN, Judge.
By this appeal a wife seeks increase in pendente lite alimony for herself and support for children aged 10, 12 and 14 years. The husband was ordered to pay monthly $200 alimony and $200 child support to the wife and also $125 tuition to the children’s private school and $139 mortgage note and $21 insurance on an automobile the wife and children use. The wife seeks $631 total cash payments to meet her asserted needs.
The husband had been earning $13,000 a year but received a promotion to a $19,000 salary about two months prior to the separation. (Other income of about $15 a month is disregarded.) The husband and wife and children lived on his income *702 of $13,000 a year — about $900 monthly take-home pay. — but also had free occupancy of a house the wife and children still occupy. The wife’s estimate of her monthly needs at $631 plus the $285 the husband is to spend on schooling and car rings reasonably true. The $916 total is roughly equivalent to the previous take-home pay but also includes a $139 payment on a car the husband describes as “new”. The husband’s description suggests that this car may have been purchased after the husband’s salary was raised. Absent contradictory testimony, it would be error to reject a wife’s testimony that she (for the family) previously spent her husband’s entire $900 take-home pay each month. And, under our circumstances, it would be error to reject the wife’s testimony that, even after the husband left, expenses were nearly the same — say $777 (not counting the new car’s note).
The measure of the wife’s alimony pendente lite under C.C. art. 148 (unlike that of permanent alimony) is “maintenance in the style and under the conditions to which she is accustomed by reason of her husband’s means and position in the community,” Abrams v. Rosenthal, 1923, 153 La. 459, 96 So. 32, 33. However, the measure must be proportioned also to the means of the husband, C.C. art. 148; and his means are often the determining factor in fixing an award at less than the wife’s accustomed needs.
The problem that ordinarily arises upon separation is that the husband needs some minimum for his separate food and shelter. Thus ordinarily the wife (and children) share in the effective loss of income resulting from maintaining two households on the income which previously supported only one.
However, the fortuitous $6,000 raise to the husband should relieve the wife from the belt-tightening, just as it relieves the husband. A wife being paid a proper alimony based on her needs is not entitled to an increase because her (ex-) husband has become more wealthy. But that is not this wife’s request. She asks only for her needs, equivalent to the normal lifestyle she previously enjoyed with the husband. In the ordinary case, we would affirm an award of less than her accustomed needs like that appealed from, because of the husband’s means’ being reduced by his own new needs — but this husband’s $6,000 raise makes that unnecessary. (Although he asserts his $500 a month raise results in only a $200 take-home increase, he does not explain why.)
The wife’s request for attorney’s fees is not determinable by summary proceeding prior to the attorney's services being completed. The trial judge can better evaluate the services as a whole at the time of judgment on the separation petition by ordinary process.
The judgment is amended to increase the cash alimony from $200 to $400 effective immediately and is otherwise affirmed.
STOULIG, J., dissents.